### HECKMAN v. STEIN.

(Supreme Court, Special Term, New York County. July 10, 1909.)

TIME (§ 10*)—DAYS—SUNDAY—STAY OF EXECUTION.
General Construction Law (Laws 1909, c. 27) § 20, directs that Sunday must be excluded from reckoning if it is the last day of any period from a certain day after which an act is authorized. Section 110 renders this chapter applicable to every statute, unless a different meaning was clearly intended. Municipal Court Act (Laws 1902, p. 1488, c. 580) § 1, subd. 15, provides that a Municipal Court shall have no power to grant a stay of execution for more than five days. In an action before a Municipal Court a verdict for plaintiff was directed, and by consent the justice granted a stay of execution for ten days. The tenth day fell on Sunday. Held, that a writ of execution should not have been issued on the following Monday; the consent of plaintiff's attorneys to such extension authorizing the justice to grant it.
[Ed. Note.—For other cases, see Time, Cent. Dig. § 45; Dec. Dig. § 10.*]

Action by Elizabeth Heckman against Silas W. Stein. A motion was made to set aside a transcript of judgment and an execution. Motion granted.

John F. Harrington, for the motion.
Jones, McKinny & Steinbrink, opposed.

GIEGERICH, J. The action was tried in the Municipal Court, Borough of Brooklyn, Sixth District, on May 27, 1909, and upon its termination a verdict in favor of the plaintiff was directed. By the consent of the plaintiff's attorneys the trial justice granted a stay of execution and of proceedings for ten days. The tenth day fell on Sunday, June 6th, and on the following day, deeming that the stay had expired, the plaintiff's attorneys filed a transcript of the judgment in the office of the clerk of New York county, and issued an execution thereon. Section 20 of the general construction law (chapter 27, Laws 1909), directs that Sunday must be excluded from the reckoning if it is the last day of any period from a certain day within which, or after which, or before which an act is authorized or required to be done. Under this provision the stay did not expire until Monday, June 7th, and the defendant had the whole of that day in which to pay the judgment (General Construction Law, § 20); and hence the filing of the transcript of judgment and the issuing of the execution on said June 7th was premature.

The plaintiff, however, argues that the Municipal Court had no power to grant a stay exceeding five days (Municipal Court Act [Laws

1902, p. 1489, c. 580] § 1, subd. 15), and consequently that the said provisions of the general construction law do not apply. Section 110 of said law, which the plaintiff relies upon, provides:

"Sec. 110. Application of Chapter. This chapter is applicable to every statute unless its general object or the context of the language construed, or other provisions of law, indicate that a different meaning or application was intended from that required to be given by this chapter."

Conceding that the authority to grant a stay in the Municipal Court is purely statutory, nevertheless the consent of the attorneys for the plaintiff that a stay might be had for ten days had the effect, as I construe the situation, of extending such statutory power so as to cover a period of ten days, instead of five days, without otherwise affecting such power or the rules of construction applicable to the period of time for which the stay was granted. The provisions of the general construction law are therefore applicable to this case, and the filing of the transcript and the issuing of the execution on June 7th were unauthorized and should be set aside.

Motion granted, with $10 costs.