ADELBERT HUTCHINS v. UNITED STATES AUTOMOBILE INSURANCE EXCHANGE.[1]

February 18, 1927.

No. 25,791.

**Rider on insurance policy not attached to it prior to date of loss.**

1. The evidence supports the special verdict of the jury and the findings of the court based thereon to the effect that a certain rider limiting the amount of the insurer's liability on its policy was not attached to or part of the policy prior to the date of the loss sustained by the insured.

**Denial of insurer's motion after verdict to set up new defense correct.**

2. The insurer pleaded the limitation in the rider and a cancelation of the policy as defenses. After verdict, it moved to amend by striking out the allegation relative to the rider and substituting an allegation that the policy was void because the insured had taken out additional insurance without the knowledge or consent of the insurer. There was no error in the denial of the motion.

**After the trial party cannot change his theory of the case.**

3. The insurer placed the policy in evidence. It contains a provision against additional insurance. The insurer did not defend on the theory that this avoided the policy. The theory upon which a case

[1]Reported in 212 N. W. 451.

was tried cannot be changed after the trial. There was no error in denying a new trial to enable the insurer to try the case on a different theory.

**Insurance policy not canceled before time of the fire.**

4. The policy provided that it should be canceled by the insurer at the request of the insured. The insured wrote a letter to the insurer, inclosing the policy and asking that it be canceled as of the date of the letter. Before the letter was delivered, a fire damaged the property insured. Under these circumstances the trial court correctly *held* that the policy was still in effect at the time of the fire.

Fire Insurance, 26 C. J. p. 146 n. 3; p. 539 n. 80.
New Trial, 29 Cyc. p. 852 n. 52.
Pleading, 31 Cyc. p. 368 n. 9; p. 404 n. 27, 33.

See 14 A. L. R. 200; 14 R. C. L. 1009; 4 R. C. L. Supp. 935.

Defendant appealed from an order of the district court for Ramsey county, Michael, J., denying its motion for a new trial. Affirmed.

*Ernest E. Watson*, for appellant.
*Oscar Hallam* and *Charles G. Wright*, for respondent.

LEES, C.

Plaintiff, who operated a garage and dealt in automobiles at Rockford, Illinois, carried fire insurance in the Minnesota Implement Mutual Fire Insurance Company of Owatonna, Minnesota, in the sum of $7,500, and in the defendant company in the sum of $5,000. On October 14, 1924, a representative of the Minnesota company induced him to take out an additional policy of $7,000 in that company. On the same day plaintiff wrote a letter, addressed to defendant at its home office in Kansas City, reading thus:

"We are returning herewith for short rate cancellation as of this date Dealers Blanket Automobile Policy No. D-47018. Kindly see that check for the return premium due us under this cancellation is forwarded at your earliest convenience, and oblige."

The policy and the letter were mailed between 4 and 6 p. m. At about 1:30 a. m. October 15 a fire caused substantial damage to the property insured. The adjusters of the Minnesota company adjusted the loss at $6,774.89. Claiming $2,825.92 as defendant's proportionate liability, plaintiff made timely proof of loss and requested defendant to pay the amount claimed.

On October 24 defendant wrote plaintiff that the "cancellation was effected in accordance with your request as of Oct. 14th, the date of your letter and our check in the amount of $62.77 is enclosed which represents the amount of return premium due you." Plaintiff kept the check but never presented it for payment. Defendant declined to pay plaintiff's claim and this action was brought to enforce it.

In its answer the defendant alleged that the contract of insurance provided for the cancelation thereof at any time at the request of the assured; that the policy was canceled as of October 14, 1924, and the excess premium refunded, and that the policy was not in effect when the fire occurred. Paragraph 7 of the answer alleged that the contract provided that, if there was other insurance on the property and a loss occurred, defendant should be liable only for that portion of the loss which was in excess of the amount of the other insurance.

A general denial in the reply put the last mentioned allegation in issue.

At the close of the evidence the court ruled that the only question of fact for the determination of the jury was whether the policy contained the provision or bore the special indorsement referred to in paragraph 7 of the answer. The jury answered that question in the negative. The court adopted the answer in its findings, found that at the time of the fire defendant's policy of insurance was in full force and effect and ordered judgment in plaintiff's favor for $2,825.80.

After the verdict was returned and before the findings were made, defendant applied for leave to amend its answer by striking out paragraph 7 and inserting in lieu thereof an allegation in effect that

the policy provided that it should be void if at the time a loss occurred there was other insurance covering the risk which would attach if defendant's policy had not been effective, and by an allegation that prior to the date of the fire plaintiff, without defendant's knowledge or consent, had taken out additional insurance in the Minnesota company on the property covered by defendant's policy. The motion to amend was denied.

Defendant then moved for a new trial. This motion was also denied and defendant appealed.

Defendant contends that the evidence does not support the verdict and finding adopting it. The provision of the policy in question was partly printed and partly typewritten. It was contained in a rider attached to the policy. When asked whether the rider was on the policy while he had it in his possession, plaintiff answered that he did not know. But the representative of the Minnesota company, who obtained the additional insurance on October 14, testified that on that day he examined the policy and that the rider was not attached to it. A representative of the defendant testified that the premium charged and paid was the same as it would have been if the policy had been written without making the rider part of it, although the effect of the rider was to reduce plaintiff's protection. Another witness, well qualified to express an opinion on the subject, testified that the typewritten portion of the rider appeared to have been written at a different time than the typewritten portion of the policy. Under these circumstances we are of the opinion that the finding was justified by the evidence.

We hold that the motion to amend was properly denied. Defendant proposed to set up a new defense which had not been litigated at the trial. The defense could have been pleaded in the original answer. It would not have been inconsistent with the defense pleaded in paragraph 7. To have allowed the amendment would virtually have compelled the court to grant a new trial in order to give defendant an opportunity to establish a new defense. That would be dangerously near an abuse of the broad discretion possessed by trial courts in passing on motions to amend the pleadings.

But defendant contends that it had a perfect defense because plaintiff took out additional insurance on October 14 without defendant's knowledge or consent. Defendant introduced the policy in evidence. It contains the provision defendant proposed to plead by the amended answer. It is therefore argued that plaintiff must fail because the contract upon which he sues expressly provides that it shall be void in case there be other insurance on the property. The record shows that this point was not raised at the trial. Defendant tried its case on the theory that it had only two defenses, namely, cancelation of the policy and limited liability by virtue of the rider in question. It is now too late to urge that there was another defense upon which defendant might have prevailed. To reverse on this ground would deprive plaintiff of an opportunity to meet the defense. It may have been waived. The facts may justify a reformation. It would never do to grant a defendant a new trial merely because he had a defense of which he might have availed himself but which he did not call to the court's attention until after an adverse verdict or findings.

The court found that defendant's policy was in force at the time of the fire. Plaintiff's letter could not have been delivered to defendant until after the fire. This brings us to a question of law upon which counsel for the respective parties disagree. It may be thus stated: Was the policy canceled when plaintiff wrote and mailed the letter and policy to the defendant? A request for cancelation was essential to terminate the contract of insurance. Undoubtedly plaintiff wished to cancel the policy and doubtless defendant was obliged to comply with a request for cancelation as soon as the request was brought to its attention. It will be observed that the policy did not provide that it should be canceled upon the mailing of the request, and this fact distinguishes the case from those in which it is held that a notice which may be given by mail becomes effective when the notice is deposited in the United States post office properly stamped and addressed to the person to be notified. The case is also distinguishable from those in which an offer to buy or sell is made by mail. In such cases the person to whom the

offer is addressed may accept by mail and the contract of sale becomes effective as soon as the letter of acceptance is mailed.

The precise question under consideration arose in Crown Point Iron Co. v. Aetna Ins. Co. 127 N. Y. 608, 28 N. E. 653, 14 L. R. A. 147, where it was held that to cancel a policy of insurance by notice to the company it is essential that the notice actually reach the company; that if the notice is sent by mail it does not take effect until it is delivered to the company. See 3 Joyce, Ins. (2d ed.) § 1669; Clement, Fire Ins. 414; 26 C. J. p. 146; Skillings v. Royal Ins. Co. 4 Ont. Law Rep. 123, 6 Ont. Law Rep. 401.

We think the Crown Point case lays down a sound rule. We adopt it and hold that the trial court was right in finding that the policy was still in force when the fire occurred.

Order affirmed.