## HULDA HATTIE CLARIDGE v. MARY R. CLARIDGE AND ANOTHER.[1]

July 15, 1927.

No. 26,134.

**Municipal court of Mankato had jurisdiction of this case.**

1. The act under which the municipal court of the city of Mankato was organized, Sp. L. 1885, c. 119, provides that when an equitable defense or ground for equitable relief is pleaded in an action brought in that court, no further proceedings shall be taken, but the case shall be transferred to the district court. *Held*, that the issues raised by the answer upon which this action was tried were not of an equitable nature and that the court had jurisdiction to try and determine the case.

**Motion to amend answer after trial and decision properly denied.**

2. A motion to amend the answer after the trial and determination of the case by alleging facts upon which a reformation of the contract sued on might be had was properly denied.

Courts, 15 C. J. p. 993 n. 92.
Pleading, 31 Cyc. p. 405 n. 37 New.

Action in the municipal court of Mankato to recover $21 and interest pursuant to the terms of a written agreement signed by defendants. The case was tried before Stradtmann, J., who found for plaintiff. Defendant Mary R. Claridge appealed from an order denying her motion for a new trial. Affirmed.

*C. O. Dailey,* for appellant.

*C. J. Laurisch,* for respondent.

LEES, C.

The defendant Harold Claridge is the husband of the plaintiff and the son of the defendant Mary R. Claridge. During the pendency of an action brought by the wife to obtain a divorce, the husband and his mother executed an instrument reading:

[1]Reported in 214 N. W. 780.

"We, the undersigned, hereby agree to pay to Hulda Hattie Claridge, the plaintiff herein, the sum of $7.00 per week, payable on Saturday of each week in consideration of which she has signed a mortgage deed at the National Citizens Bank in the sum of $700.00.

"Dated this 28th day of June, 1926.

"Mrs. Mary R. Claridge
"Harold Claridge."

This action was brought to recover payments which had not been made. The mother answered separately, pleading as her defense that when the contract was executed her son was in her employ; that she agreed to retain $7 a week out of his wages and pay that amount to the plaintiff; that when she signed the contract she did not understand that she was in any way obligated to pay anything to the plaintiff unless the son remained in her employ; and that, if the contract did not so provide, she had signed it by mistake. She next alleged that her son left her employ about two weeks after the contract was made. The reply put these allegations in issue.

The record shows that plaintiff and the defendant Harold were married March 25, 1926, about a month after plaintiff had given birth to a child, and that the stipulated payments were in the nature of a provision for the support of the plaintiff and her child. It also shows that, in consideration of the contract, the plaintiff joined in the execution of a mortgage on land in which her husband and his mother had interests. The mother did not ask to have the contract reformed so as to express the terms of the agreement she says she made. After the case was tried and decided, she moved for a new trial and asked leave to amend her answer by alleging that she did not read the contract before she signed it and supposed that it provided that she was to make the weekly payments out of the wages earned by her son while he remained in her employ, and to amend the prayer for relief so as to demand judgment for the reformation of the contract in accordance with her understanding

when she signed it. The motion for a new trial was denied and she appealed.

Appellant contends, first, that her answer set up an equitable defense which deprived the municipal court of jurisdiction; and second, that her application to amend the answer should have been granted and, when granted, a case for equitable relief would have been presented, of which the municipal court would have no jurisdiction. Neither contention can be sustained.

Special Laws 1885, p. 349, c. 119, under which the municipal court of the city of Mankato was organized, provides that the court shall not have jurisdiction of any action where the relief asked in the complaint is purely equitable in its nature and that, when in any cause brought in that court an equitable defense or ground for equitable relief is pleaded, the court shall take no further proceedings except to return to the district court of Blue Earth county a certified transcript of the proceedings had up to that time. The original answer did not plead an equitable defense or set forth facts which were ground for equitable relief, and so the court had jurisdiction to try and determine the issues presented by the pleadings.

After a case has been tried and decided, the defeated party may not amend his pleadings so as to allege a new and different cause of action or defense. If such a practice were tolerated, there would be no end of litigation, for if new issues might be injected by amending the pleadings after the first trial, with equal reason the same thing might be done after a second or third trial. See Hutchins v. U. S. Auto. Ins. Exch. 170 Minn. 273, 212 N. W. 451.

It may not be amiss to say that if a second action is brought to recover subsequent payments, the defendants will not be precluded by the judgment in this action from pleading facts constituting a cause of action for a reformation of the contract.

Order affirmed.