WAGNER & ERLING CO., Respondent, v. FORT DEARBORN CASUALTY UNDERWRITERS, et al, Appellants.

(231 N. W. 902.)

(File No. 6572. Opinion filed August 12, 1930.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.
*Hugh S. Gamble,* of Sioux Falls, for Respondent.

POLLEY, J. This action was brought to recover on a fire insurance policy, on a motor truck owned by plaintiff. The truck was insured for $2,500. It had not been used more than ten or twelve days, so that it was practically a new truck and cost the plaintiff something over $4,100. The fire that caused the damage took place at about 6:30 o'clock p. m. on the 29th day of December, 1923. On the afternoon of that day plaintiff had written and deposited in the post office a letter addressed to the defendant's general agent in this state, in which plaintiff directed defendant to cancel insurance on the truck. The letter did not reach defendant until the 30th of December—the day after the fire. The case was tried to the court without a jury. Findings of fact, conclusions of law, and judgment were for plaintiff, and defendant appeals.

■ As one of its defenses defendant claims that cancellation of the policy took place immediately when the letter from plaintiff was deposited in the post office, and, as this was before the fire, that the policy was not in force when the fire occurred, and consequently there was no liability on the part of the defendant. With this contention we do not agree. It seems to be the well-settled rule of law in cases of this kind that cancellation does not take effect until the letter directing the cancellation reaches the insurer. Crown Point Iron Co. v. Aetna Ins. Co., 127 N. Y. 608, 28 N. E. 653, 14 L. R. A. 147; Conway Bros. v. Iowa Hdwe. Mutual Insurance Ass'n, 190 Iowa, 1369, 181 N. W. 768; Hutchins v. U. S. Auto Ins. Exchange, 170 Minn. 273, 212 N. W. 451; Van Scoy v. National Fire Ins. Co. of Hartford, 191 Iowa, 1318, 184 N. W. 306; Boutwell v. Globe & Rutgers Fire Ins. Co., 193 N. Y. 323, 85 N. E. 1087; Van Valkenburgh v. Lenox Fire Ins. Co., 51 N. Y. 465.

■ Apellant next contends that no proof of claim, such as the statute requires, was ever filed by plaintiff. But this did not prejudice appellant. It was notified of the loss. Demand was made for the damage and the demand refused. No objection was made to the sufficiency of the claim nor that it did not comply with the statute. Had such objection been made, plaintiff could have corrected the defect. Section 1446, Rev. Code 1919; Lummel v. Fire Ins. Co., 50 S. D. 502, 210 N. W. 739; Reeves v. Fire Ins. Co., 41 S. D. 341, 170 N. W. 575, 4 A. L. R. 1293; 26 C. J. 399.

Appellant next contends that the evidence is insufficient to support the court's conclusion as to the amount of damage caused to the truck by the fire.

■ Over proper objection plaintiff was permitted to show the cost of the truck when it was new, and its value after the fire. This evidence was not competent to prove the extent of the damage to the truck and should not have been admitted.

The policy contains the following clause: "The Underwriters shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation however caused (and without compensation for the loss or use of the property), and shall in no event exceed what it would then cost to repair or *replace* the automobile or such parts thereof as may be damaged with other of like kind and quality; such ascertainment or estimate shall be made by the Assured and Underwriters, or if they differ, then by appraisal as hereinafter provided."

■ There was competent evidence to show the value of the truck before the fire, the nature and extent of the damage, the value of the truck after the fire and the cost of the repairs. But the nature of the injury to the truck was such that it could not be so repaired as to make it as valuable as it was before the fire, and under the conditions of the policy the court is permitted to take depreciation into consideration in estimating the damage. On the whole we do not think the judgment is excessive.

The judgment and order appealed from are affirmed.

BROWN, P. J., and SHERWOOD and BURCH, JJ., concur.

CAMPBELL, J. (concurring specially). I think the policy here involved was still in force when the loss occurred and that formal proof of loss was waived. I am also of the view, under all the circumstances presented by the record in this case, that the evidence was sufficient to support the finding of the trial court, and that any errors relating to the admission of evidence were not prejudicial to the appellant, and upon those considerations I concur in the affirmance of the judgment appealed from.