PERRY GILLETTE, Plaintiff, *v.* UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, NEW YORK, and Another, Defendants.

Supreme Court, Oneida County, September 11, 1935.

*Lee, Brennan & Bastow,* for the plaintiff.

*Abraham J. Goldberg,* for the defendant Northern Insurance Company of New York.

ROBERTSON, J. In this action the plaintiff was the owner of a motor truck, which up to at least February 27, 1935, was insured by defendant Northern Insurance Company of New York. On that day said Northern Insurance Company of New York served a notice of cancellation upon plaintiff, which provided that same should be effective within five days. Upon receipt of said notice of cancellation, February 28, 1935, plaintiff took it to the agent of the defendant Utica Fire Insurance Company of Oneida County, New York, and requested that company to issue insurance on his motor truck " from the time or date that said cancellation became effective, and that the policy of the Northern Insurance Company of New York became void." The defendant Utica Fire Insurance Company of Oneida County, New York, issued its fire insurance policy upon plaintiff's truck, bearing date of February 28, 1935. On March 1, 1935, the plaintiff's truck was destroyed by fire.

The above are the material facts alleged in the complaint in this action, which is brought against both defendants. The prayer for relief asks the policy issued by defendant Utica Fire Insurance Company of Oneida County, New York, be reformed by providing that the term thereof begin March fourth instead of February twenty-eighth; that the plaintiff recover against either defendant the sum of $375.

Under the standard form insurance policy of New York, the insurer, in order to cancel a policy, must serve a notice upon the insured to that effect, which notice is not effective until five full days after such service. However, such five-day period is for the benefit of the insured, giving him an opportunity to protect himself if he so desires, but if he does not require or need such period, he may by his acts dispense with the five-day period.

Where a company served such a notice upon an insured and in response thereto insured sent back the policy to the insurer before the expiration of the five days, the court has held that such return was a waiver of the five-day privilege, and the policy was canceled as of the day it was returned by the insured. (*Buckley* v. *Citizens' Insurance Co.,* 188 N. Y. 399.)

Where, also, an insured did business through an agency representing many fire insurance companies, and that agency received a cancellation from one of the insurers and upon receipt of such notice, and before the five-day period had run, marked the policy canceled

and caused another policy to be issued in its place, the court has held that the action of such agency was a waiver of such five-day period. (*Rose Inn Corp.* v. *National Union Fire Insurance Co.*, 258 N. Y. 51.)

It appears from the above cases that in this State the courts have interpreted the legal fire insurance cancellation notice as not effective until five days after its service, but any act of the insured or his agent, after its receipt, such as returning the policy to be canceled or obtaining new insurance in place thereof before the expiration of the five-day period, is deemed a full and complete cancellation as of the time of such act. Other jurisdictions have also so construed the time element of such cancellation notices. (*Hamm Realty Co.* v. *New Hampshire Fire Insurance Co.*, 80 Minn. 139; 83 N. W. 41; *Snyder* v. *Commercial Union Assurance Co.*, 67 N. J. L. 7; 50 A. 509; *White* v. *Insurance Co. of New York*, 93 Fed. 161; *Arnfeld* v. *Guardian Assurance Co.*, 172 Penn. St. 605; 34 A. 580.)

While the complaint in the case at bar does not fully disclose the facts, it appears that the plaintiff did receive a notice of cancellation from the defendant Northern Insurance Company of New York on February 28, 1935, and that plaintiff on the same day went to the defendant Utica Fire Insurance Company of Oneida County, New York, and obtained a policy to replace the canceled policy. This new policy was dated and delivered February 28, 1935, but it is alleged in the complaint that plaintiff requested the Utica Fire Insurance Company of Oneida County, New York, to issue the new policy " from the time or date that said cancellation became effective," and asks that that policy be reformed so that it be dated and become effective March 4, 1935, which would have been five days after the receipt of the cancellation notice. This prayer for relief seems to be based upon the assumption that said cancellation cannot become effective until five days after service. Such is not the case. The cancellation notice may be effective at the option of the insured before such period expires. It is my opinion that the act of plaintiff in applying for a replacement policy, dated February 28, 1935, and obtaining and possessing it that day, is a clear and irrevocable cancellation of the Northern Insurance Company of New York's policy. The Utica Fire Insurance Company of Oneida County, New York, was not misled; it had the cancellation notice in its possession when it issued the replacement policy. It must be deemed to know that the issuance of that policy prior to the expiration of the five-day period was a waiver of such period. So, too, the acceptance of the policy by the plaintiff was a clear waiver.

I find no material mistake of fact upon which to base a reforma-

tion of the policy of the Utica Fire Insurance Company of Oneida County, New York. I do find that on and after February 28, 1935, there was but one fire insurance policy for the protection of plaintiff's truck and that was the policy of defendant Utica Fire Insurance Company of Oneida County, New York.

The complaint is dismissed as to defendant Northern Insurance Company of New York, with ten dollars costs. Prepare order in accordance herewith.