## THEODORE J. MARTINEAU AND ANOTHER v. ALEX CZAJKOWSKI AND ANOTHER.[2]

December 3, 1937.

No. 31,448.

[1]Reported in 276 N. W. 243.
[2]Reported in 276 N. W. 232.

David H. Ruvelson and William W. Fink, for appellants.

George C. Sudheimer, for respondents.

HOLT, JUSTICE.

Plaintiffs, husband and wife, sued defendants, husband and wife, to compel specific performance of a written contract whereby defendants agreed to convey to plaintiffs a house and lot in St. Paul, Minnesota, for $4,000, which sum plaintiffs agreed to pay before September 1, 1936. The evidence showed that defendants had a good and merchantable title to the premises; that they had listed the same for sale with the Cherokee Realty & Investment Company for $4,000 cash; that George G. Davis, an employe of the company, negotiated the sale to plaintiffs; that on August 4, 1936, a contract of sale was prepared; that it was taken to plaintiffs' home and signed by both plaintiffs, at which place the plaintiff husband paid $1,000 to Davis and received a receipt therefor; that thereupon the contract was taken by Davis and Mr. Martineau to the premises to be sold, where defendants lived, and was signed by the latter, who received $800 of the $1,000 paid to Davis; that plaintiffs did not have more money than the amount paid, but purposed obtaining the balance of the purchase price by mortgaging the premises purchased for that amount. Plaintiffs do not contend that they performed the contract as it reads, or that they were able and willing to pay the $3,000 on or before September 1, 1936; but they rely upon the receipt which Davis gave for the $1,000 payment. It reads:

"1000.00                                     Aug. 4, 1936.

"Received of Theodore J. Martineau One Thousand Dollars as a guarantee of good faith accompanying offer of $4,000 on terms as follows: $1000 down and a mortgage to be obtained by Cherokee Investment Co. for buyer for $3000, said amount to be paid to seller for the purchase of 1146 Edmund. This offer is subject to owner's approval; if accepted, the above amount will apply as a part of purchase price and if refused the above amount will be refunded. If offer is accepted and purchaser refuses to fulfill the above stated conditions the $. . . . . . will be forfeited to . . . . . . . . . . . .

"Cherokee Investment Co.
"By George G. Davis.

"Approved and accepted by
"Theodore J. Martineau, Address 950 James St. El 3210."

On the reverse side of the receipt Davis wrote:

"Mortgage to be so arranged to have monthly payments include taxes, insurance and interest and principal and such monthly payments to be not more than $27.00."

Plaintiffs' contention is that the evidence shows that the statement in the receipt that the Cherokee company should obtain the mortgage for "buyer"—Martineau—was a mistake, and should read "sellers." The receipt is neither signed nor approved by the sellers, but by one of the buyers. The evidence is clear that the sellers were not to finance the $3,000 payment, but that the buyers were to look to that. And the conclusion is inescapable that Martineau negotiated with the Cherokee company to obtain a mortgage for him, and that he dictated the terms of the mortgage as indicated upon the reverse side of the receipt. There was no alternative for the court but to order a dismissal when plaintiffs rested.

Plaintiffs moved for a new trial and for leave to substitute for the original complaint either a complaint to reform the contract for deed or a complaint for money had and received. The new trial was denied. Amendment of a complaint after a trial may not properly go so far as to substitute a complaint stating a different cause of action. Claridge v. Claridge, 172 Minn. 214, 214 N. W. 780.

Furthermore, the dismissal, because of failure to prove a cause for specific performance, does not interfere with plaintiffs' maintaining another suit upon the cause of action stated in either of the complaints which they asked to have substituted for the original herein. When plaintiffs rested, defendants did not rest nor move for findings on the merits, but moved for a dismissal, and a judgment entered thereon is not a bar. Mardorf v. Duluth-Superior Transit Co. 192 Minn. 230, 255 N. W. 809.

The order is affirmed.