FELIX LESK, Plaintiff, *v.* LONDON & LANCASHIRE INDEMNITY CO., Defendant.

EDWARD TIMMS, Plaintiff, *v.* LONDON & LANCASHIRE INDEMNITY Co., Defendant.

Supreme Court, Suffolk County, March 12, 1940.

*Douglas E. Brown,* for the plaintiffs.

*Evans & Rees,* for the defendant.

*Maurice Brandt,* for the Old Iron & Steel Corporation, *amicus curiæ.*

SWEZEY, J. This is a motion to strike out the answer and to grant summary judgment in favor of plaintiff in each of the above-entitled actions. Heretofore, judgments were entered in favor of the plaintiffs against the Old Iron & Steel Corporation for damages as the result of an accident that occurred at five-fifteen P. M. on November 8, 1938. The plaintiffs in these actions are proceeding against the insurer, the defendant herein, pursuant to section 109 of the Insurance Law.

On January 25, 1938, the defendant herein issued its policy to the Old Iron & Steel Corporation. The term of this policy was from January 24, 1938, to January 24, 1939. On November 2, 1938, the defendant mailed a " cancellation notice " to the Old Iron & Steel Corporation notifying the insured of the cancellation of the policy and stating that liability thereunder would cease at twelve o'clock noon, standard time, November 8, 1938. This notice was received by the insured on November 3, 1938.

The plaintiffs claim that the policy did not terminate until November 9, 1938, at twelve o'clock noon because the policy provided for a cancellation notice of five full days and November eighth being election day and, therefore, a holiday, it could not be reckoned as a day under the provisions of section 20 of the General Construction Law and consequently the five days did not elapse until the following day.

Paragraph 7 of the policy provides: " This policy may be cancelled * * * by mailing written notice * * * stating when not less than five days thereafter such cancellation shall be effective." There can be no doubt that this means five full days. This being so, then five full days must expire after the service before the liability of the insurer ceases to exist. (*Gillette* v. *Utica Fire Ins. Co.,* 156 Misc. 639.) Before we can arrive at a solution of this question we must determine when the service was complete. No New York case bearing directly on this point has been called to our attention. In *Gillette* v. *Utica Fire Ins. Co.* (*supra,* 640) it was said: " However, such five-day period is for the benefit of

the insured, giving him an opportunity to protect himself if he so desires." In *Rose Inn Corp.* v. *National Union Fire Ins. Co.* (229 App. Div. 349), Judge HILL said, in considering the effect of the five-day written clause: " These provisions in the policy were for its [the insured's] benefit."

Statutes regulating the general scope of notice will always be construed as respects the computation of time most liberally in favor of the party who is to be affected by the notice. (46 C. J. 557.) The time specified in the policy begins to run from the receipt of the notice by the insured or, at the earliest, from the arrival at the insured's post office of the letter containing the notice. (37 C. J. 1250.) 6 Couch on Insurance (§ 1440, p. 5095) says: " The weight of authority seems to regard receipt of the notice as a condition precedent to cancellation. Thus, it has been declared that, where the provision is that the policy shall terminate a certain number of days after notice of cancellation, the period runs from the date of the arrival of notice at the destination post office." . (*Piscitello* v. *Boscarello*, 113 Conn. 128; 154 A. 168; *Wagner & Erling Co.* v. *Fort Dearborn Casualty Underwriters*, 57 S. D. 194; 231 N. W. 902.)

Having in mind that this period of five days is for the benefit of the insured, then in order that he may have the full benefit of this entire period in which to replace his insurance, it is necessary to construe this provision to mean that the service of the notice is not complete until the arrival of the notice at the post office designated in the policy, to wit, the address given therein of the insured. In the instant case, the notice was received on November third, and there being no showing to the contrary, we take that date as the day on which it was received at the insured's post office. Thus the five-day period begins to run from November third.

Section 20 of the General Construction Law provides: " A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half-holiday, must be excluded from the reckoning if it is the last day of any such period, or if it is an intervening day of any such period of two days. In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded from making the reckoning."

The provisions of this section clearly indicate that where the last day falls on a Sunday or a public holiday, it must be excluded. Where the last day falls on a Sunday it has been so construed. (*Matter of Heckman* v. *Stein*, 64 Misc. 144.)

In the instant case, notice having been received on November third, in no event could the five-day period expire before November eighth, and this day being a holiday and the last day of the period, under section 20 of the General Construction Law it must be excluded. Therefore, the day set for the expiration of the policy is four days after the receipt of the notice and accordingly unauthorized under the terms of the policy, the earliest day on which the policy could expire under these circumstances being November ninth.

Plaintiffs' motion is in all respects granted.