Kathleen PORTER, Appellant,

v.

J.C. PENNEY LIFE INSURANCE COMPANY, Respondent.

No. C7–84–845.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Kelly & Jacobson, Philip K. Jacobson, Minneapolis, for appellant.

Bassford, Heckt, Lockhart & Mullin, P.A., Gregory P. Bulinski, Minneapolis, for respondent.

---

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Kathleen Porter appeals from the trial court's order granting judgment for respondent J.C. Penney. Porter makes a claim as beneficiary under a life insurance policy issued by J.C. Penney and naming Porter's husband, Joseph Porter, as the insured. The trial court held that J.C. Penney properly denied coverage because Joseph Porter had cancelled the insurance policy prior to his death. Porter appeals. We affirm.

## FACTS

Appellant Kathleen Porter and her husband applied for life insurance with respondent J.C. Penney Life Insurance Company on November 30, 1979. The policy was issued on December 28, 1979, naming Joseph as the insured and Kathleen as the beneficiary.

On January 2, 1980, the Porters returned the policy to J.C. Penney and requested that the policy be changed to name Kathleen as the insured and Joseph as the beneficiary. On January 28, 1980, Kathleen Porter telephoned J.C. Penney informing them that they had not received the new policy and that premiums would not be paid until the new policy was received. By letter dated February 8, 1980, J.C. Penney returned the original policy to the Porters, advising them that the change could not be made. J.C. Penney suggested the Porters apply for a new policy and "[o]nce a policy has been issued to provide coverage for your wife, you can then write to us to cancel your policy."

Meanwhile, J.C. Penney, on January 11, 1980, charged a premium for the original policy against the Porters' J.C. Penney charge account for the period December 26, 1979, to February 26, 1980. Again, on February 8, 1980, an additional premium was charged for the period February 26, 1980, to March 26, 1980.

On February 14, 1980, Joseph Porter called J.C. Penney and notified a clerical employee that the original policy be cancelled as of the date of issue. By letter dated March 3, 1980, J.C. Penney informed Joseph Porter that J.C. Penney "will immediately act on your request" to cancel the policy. J.C. Penney then refunded all premiums paid on the original policy by a draft dated June 26, 1980. The draft has not been negotiated.

On February 26, 1980, Joseph Porter died in a car accident. He is survived by Kathleen Porter, who filed a claim as beneficiary under the original policy on Joseph's life. J.C. Penney denied coverage claiming the policy was effectively cancelled on February 14, 1980, by Joseph's telephone call. This suit was then commenced. The trial court found the policy was cancelled on January 2, 1980, holding the return of the policy within 10 days of its issuance, with the request for a change of beneficiary, fell within the provisions of Minn.Stat. § 72A.51, subd. 2 (1980) and voided the policy. Porter appealed.

## ISSUE

Was the insurance policy cancelled prior to Joseph Porter's death?

## ANALYSIS

Porter argues the trial court erred in holding the Porters' January 2, 1980 letter, requesting change of the named insured, together with return of the life insurance policy within 10 days of its issuance, cancelled the policy.

We need not decide that question. The policy was effectively canceled by Joseph Porter's February 14 telephone call to J.C. Penney. In *Hutchins v. United States Automobile Ins. Exchange*, 170 Minn. 273, 212 N.W. 451 (1927), the supreme court stated:

[The insurer] was obliged to comply with a request for cancelation as soon as the request was brought to its attention. * *

[T]o cancel a policy of insurance by notice to the company, it is essential that the notice actually reach the company * * *.

*Id.* at 277–78, 212 N.W. at 452–53.

When J.C. Penney received notice from Joseph Porter on February 14, 1980, that he desired to cancel the policy, it was cancelled at that moment without any further action by J.C. Penney.

### DECISION

J.C. Penney properly denied coverage since the life insurance policy naming Joseph Porter as the insured was effectively cancelled on February 14, 1980, twelve days prior to Joseph Porter's death.

Affirmed.