**BUSH TERRACE HOMEOWNERS ASSOCIATION, INC., Appellant,**

v.

**Patricia L. RIDGEWAY, Respondent.**

No. C2-88-1734.

Court of Appeals of Minnesota.

April 4, 1989.

Review Denied June 9, 1989.

---

John R. Dorgan, Frommelt & Eide, Ltd., Minneapolis, for appellant.

J.D. Haas, Eden Prairie, for respondent.

Heard, considered and decided by LANSING, P.J., and RANDALL and IRVINE,* JJ.

## OPINION

L.J. IRVINE, Judge.

Appeal from judgment entered in favor of respondent denying appellant's request for permanent injunctive relief. Appellant also seeks review of the trial court's order denying its Minn.R.Civ.P. 60.02 motion to vacate the judgment for mistake. Respondent requests an award of attorney fees on appeal.

## FACTS

Respondent Patricia L. Ridgeway owns a condominium at Bush Terrace Condominiums in Minneapolis. In 1987, Ridgeway suffered deteriorating health due to severe allergies. She consulted a physician and was advised that increased air circulation in her condominium unit would alleviate her symptoms. Air circulation in Ridgeway's unit could be increased by opening the bedroom windows, the patio door, or both. Ridgeway opened her bedroom windows and immediately encountered at least 20 wasps in her unit. Ridgeway deduced that the wasps had gained entry into her unit from either the opened bedroom windows or the patio door, both of which she claims are in a state of disrepair. Ridgeway requested that the appellant, Bush Terrace Owner's Association, make repairs to the windows and patio door because getting stung by a wasp poses a risk of death to her. Although a representative of the association inspected Ridgeway's unit, none of the requested repairs was made. Consequently, Ridgeway elected to have custom-made screens installed on her balcony in July 1987 in order to increase air circulation and to keep out the potentially lethal wasps.

On July 7, 1987, the association sent Ridgeway a letter stating that "the installation of screens on your condominium balcony" "is in violation of the Bush Terrace Condominium Rules and Regulations," and specifying Rule Nos. 2, 16 and 20. The letter directed Ridgeway to "immediately remove the screens from your condominium balcony."

When Ridgeway failed to remove the screens by October 1, 1987, the association filed suit for a permanent injunction.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Their complaint generally claimed that the association has adopted rules, that the rules prohibit building structures on a balcony, and that Ridgeway violated those rules by installing "custom-made screen panels" "upon her condominium balcony without the prior written consent of [the association]."

The permanent injunction hearing was held on April 14, 1988. The association's motion papers cited rules 2, 16 and *21* in support of injunctive relief. The trial court by order dated April 22, 1988, found that the "cited rules and regulations reveal no language prohibiting screens." As a result, the court denied the association's application for injunctive relief, dismissed its complaint with prejudice, and awarded Ridgeway costs and disbursements. Judgment on the order was entered on May 18, 1988.

On May 16, 1988, the association filed notice of its substitution of counsel. One month later, their new counsel brought a Minn.R.Civ.P. 60.02 motion to vacate the May 18, 1988 judgment on the basis that the trial court erred in not applying the association's declarations to the facts presented. A hearing on the motion was held on July 6, 1988. At the hearing, the court informed the association's counsel no less than three times that its case had been pled, briefed, tried and judgment entered upon the theory that the rules had been violated, not that the declarations had been violated. The court also told counsel that his attempt to change the theory of the case post-judgment "under the guise of mistake" was "completely without merit." Subsequently, the trial court denied the association's motion to vacate by order dated August 11, 1988. In its memorandum, the court noted that the association's attempt to change the pleaded, briefed and tried theory of the case post-trial was not contemplated by Minn.R.Civ.P. 60.02 nor was it allowed by well-established case law.

The association brings this appeal from the May 18, 1988, judgment, but also seeks review of the trial court's grant of attorney fees in its August 11, 1988 order. Ridgeway requests an attorney fee award of $2,500 plus costs and disbursements for having to respond to this appeal.

## ISSUES

1. Did the trial court abuse its discretion in denying the association injunctive relief and in awarding judgment in favor of Ridgeway?

2. Did the trial court abuse its discretion in denying the association's Minn.R. Civ.P. 60.02 motion for mistake?

3. Did the trial court abuse its discretion in denying the association an award of attorney fees and in ordering an award of attorney's fees to Ridgeway?

4. Is Ridgeway entitled to attorney fees on appeal?

## ANALYSIS

On appeal from a judgment entered denying injunctive relief, the court must determine whether the trial court abused its discretion. *Northwest Petroleum Association v. Minnesota Department of Economic Security*, 402 N.W.2d 591, 595 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. May 18, 1987). Generally, the granting of a permanent injunction lies within the sound discretion of the trial court, and will not be disturbed on appeal unless there has been an abuse of discretion. *Id.* (citing *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81, 91 (Minn.1979)).

### I

The association contends that the trial court abused its discretion in denying it injunctive relief because Ridgeway's installation of screens (1) violates the "mentioned" Rule Nos. 2, 16 and 21, (2) violates additional rules and declarations contained in "the court file," specifically Rule Nos. 9 and 20, and (3) constitutes an illegal partition of the Bush Terrace Condominiums' common areas under Minn.Stat. § 515.06(c) (1988).

"Injunctive relief should be awarded only in clear cases reasonably free from doubt and when necessary to prevent great and

irreparable harm." *Sullivan v. Eginton*, 406 N.W.2d 599, 602 (Minn.Ct.App.1987).

The complaint the association filed in this action claimed in general terms that Ridgeway's installation of balcony screens violated the *association's rules.* However, before the permanent injunction hearing was held, the association submitted its legal argument to the court identifying the issues to be actually tried. The association specifically argued that *Rule Nos. 2, 16 and 21* had been violated and submitted proposed findings in that regard to the court.

> Rule Number 2 states, in part:
>
> No garbage cans, trash containers or other unsightly personal property shall be placed on the common area, balconies or patios (Limited Common Areas) nor shall anything be hung or shaken from the windows, or on the balconies, patios or common area. Balconies and patios shall not be used for storage of personal property * * *.

Rule Number 16 provides, in part:

> * * * no shades, awnings, window guards or other such appurtenances shall be used on balconies or patios except as shall be approved by the Board of Directors * * *

And finally, Rule Number 21 states as follows:

> No additional buildings, tent, shelter, or structure of any kind shall be placed, erected, kept or maintained on the Property without the prior written consent of the Association.

As the associations' rules constitute an agreement between the association and each owner or occupant, this court's standard of review is limited to determining whether the trial court properly interpreted and applied the rules.

■ The trial court determined that Rule Nos. 2 and 21 clearly had not been violated. Rule No. 2 prohibits anything from being "hung or shaken * * * on the balconies." As such choice of language connotes a temporary condition versus the more permanent condition pleaded here, i.e., the "installation of screens," the trial court's determination in this regard cannot be said to be clearly erroneous. The same is true with regard to the trial court's determination of Rule No. 21. Since rule No. 21 prohibits the building of any structures on the "Property," the scope of this rule clearly does not encompass balconies which by the association's own definition fall within the rules' "Limited Common Area" classification.

■ With regard to rule No. 16, it appears the trial court initially determined that there was some doubt as to whether it had been violated by Ridgeway's installation of balcony screens because the rule did not specifically prohibit "screens" by name. However, the court ultimately resolved its doubt against the association stating that "[r]ules and regulations which prohibit the owner of a condominium unit from the free enjoyment of a property right should be strictly construed when the association seeks punitive relief." Because the essence of rule No. 16's meaning is to prohibit the use of any kind of shading device, and because screens like those at issue are *not* used to achieve shading, but instead are used to keep out insects and to allow in fresh air, the trial court's determination that rule No. 16 had not been violated is not clearly erroneous.

■ With regard to the association's arguments concerning Minn.Stat. § 515.06(c) and the additional rules and declarations claimed to be applicable, the statute and declarations were never pleaded before the trial court as claims upon which relief was sought. Because the additional rules were not specifically identified as actual issues for trial in the association's legal memorandum, these claims were never presented to the trial court for determination. Due to the general rule that on appeal a party may not raise for the first time a matter that was not tried below to the trial court, these matters are not properly before this court. *See In re Welfare of K.T.*, 327 N.W.2d 13, 16–17 (Minn.1982); *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 238, 219 N.W.2d 641, 651 (1974).

■ In any event, the association failed to prove a prima facie case for injunctive relief. The association did not show that it had suffered any great and irreparable harm. In fact, the association's counsel's in-court statements conceded just the opposite. The trial court noted in its memorandum accompanying the April 22, 1988 order for judgment that "counsel for the [a]ssociation conceded at oral argument that screens are not per se aesthetically offensive." This concession was not refuted when the court of appeals made inquiry of the association's counsel at oral argument. Nevertheless, the trial court determined from photographs received into evidence "that the screens are in this case both attractive and blend into the architecture of the building in such a manner as to hardly be noticeable." As it is the function of the trial court to specially find the facts, these facts on review cannot be found clearly erroneous. Minn.R.Civ.P. 52.01. Consequently, the association failed to meet its burden of proof, and the trial court did not abuse its discretion in denying the association's application for a permanent injunction and in dismissing the association's action with prejudice. As prevailing party, Ridgeway was properly ordered judgment in her favor for costs and disbursements. See Minn.R.Civ.P. 54.04.

## II

Although the association contends its appeal is from the judgment entered on May 16, 1988, because the association's appellate brief argues the merits of the trial court's denial of its Minn.R.Civ.P. 60.02 motion to vacate the judgment for mistake, this court will review the propriety of the trial court's August 11, 1988 order upon its own motion.

■ Generally, an order denying a motion to vacate a final judgment is *not* appealable. *King v. Carroll,* 356 N.W.2d 449, 451 (Minn.Ct.App.1984). However, "[o]n appeal from a judgment" the appellate courts "may review any order involving the merits or affecting the judgment." Minn.R.Civ.App.P. 103.04. Because a motion to vacate by its nature asks the trial court to reassess its final judgment, an order denying the motion will, thus, involve the merits or affect the judgment entered. Under these circumstances, the August 11, 1988, order is properly before this court.

"The decision of whether to vacate a judgment is within the discretion of the trial court, and its decision will not be reversed absent an abuse of discretion." *Richardson v. Employers Mutual Casualty Co.,* 424 N.W.2d 317, 320 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. Aug. 24, 1988).

The association brought its motion to vacate the May 18, 1988, judgment for mistake pursuant to Minn.R.Civ.P. 60.02(1). The mistake alleged was that the *trial court* did not recognize Ridgeway's balcony as being a part of the common areas of Bush Terrace Condominiums and, thus, being governed by the declarations which specifically prohibited any alterations to common areas. In denying the association's motion, the trial court in its August 11, 1988 order found that the association had pled, briefed and tried their case under the "theory" that Ridgeway had violated the specifically cited rules, *not* that Ridgeway had violated the condominium's declarations. The trial court concluded that the attempt to change the theory of a case post-trial and judgment, was not the type of "mistake" contemplated by Rule 60.02 nor was it allowed pursuant to well-established case law. On appeal, the association in effect claims the trial court abused its discretion in denying it relief under Rule 60.02 because it again argues that the "governing documents," i.e. the rules and the declarations, were properly before the trial court and should have been fully considered by the trial court in rendering its decision.

Minn.R.Civ.P. 60.02 provides, in part:

On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * *, and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * The motion shall be made * * * not more

than one year after the judgment * * * was entered[.]

■ The association based its motion to vacate for mistake upon the trial court's alleged misperception that the subject balcony was not a part of Ridgeway's condominium. However, it is interesting to note that the association referred to Ridgeway's installation of screens being made to "her condominium balcony" or in similar terms no less than eight times in its memorandum in support of the motion for permanent injunction. Such statements are tantamount to being at law admissions that the subject balcony is *not* a common area of the Bush Terrace Condominiums. This determination is especially compelling considering that the trial court found that the *only* means of ingress and egress to the balcony is through Ridgeway's condominium.

■ Close scrutiny reveals that the various mistakes documented in the record have occurred on the part of the association's counsel, and *not* on the part of the trial court. The association's counsel failed to plead the alternative claim upon which relief may have been granted that is now being advanced post-trial. That is, that Ridgeway's installation of balcony screens violated Bush Terrace Condominium's declarations. *See* Minn.R.Civ.P. 8.01. Counsel also failed to identify Rule Nos. 9 and 20 in its memorandum in support of the permanent injunction as issues being actually submitted for trial. "Such a submission automatically excludes what it does not include." *Allen v. Central Motors, Inc.,* 204 Minn. 295, 298, 283 N.W. 490, 492 (1939). As a result, when "a case has been tried and decided, the defeated party may not amend his pleadings, so as to allege a new and different cause of action or defense." *Claridge v. Claridge,* 172 Minn. 214, 216, 214 N.W. 780, 780 (1927). "If such a practice were tolerated, there would be no end to litigation[.]" *Id.* at 216, 214 N.W. at 780–81. This is true notwithstanding the fact that one party had a "perfect" claim based upon evidence already admitted before the trial court that might have prevailed. *See Hutchins v. United States*

*Automobile Insurance Exchange,* 170 Minn. 273, 277, 212 N.W. 451, 452 (1927); *American Surety of New York v. Greenwald,* 223 Minn. 37, 41, 25 N.W.2d 681, 684 (1946).

The trial court's determination that the mistakes presented here are not within the contemplation of Rule 60.02, is not clearly erroneous. *See Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir.1969) (holding attorney carelessness not grounds for relief under Fed.R.Civ.P. 60(b), the parallel federal rule to Minn.R.Civ.P. 60.02(1)) cited with approval by *Egge v. Egge,* 361 N.W.2d 485, 488 (Minn.Ct.App.1985)). Consequently, the trial court did not abuse its discretion in denying the association's Rule 60.02 motion to vacate the judgment because of counsel's inadvertence or mistake.

### III

The association specifically seeks review under Minn.R.Civ.App.P. 103.04 of the order denying its Rule 60.02 motion to vacate for mistake, limited only to the denial of its request for attorney fees and the award therein of $3,000 in attorney fees to Ridgeway. Judgment on the order was stayed 30 days at the request of the association's counsel. As a result, no judgment was entered prior to this appeal.

■ The order denying the motion to vacate, which also denied appellants' request for attorney fees, is properly before this court pursuant to Minn.R.Civ.App.P. 103.03. However, "[A]n order for judgment is not an appealable order." Minn.R. Civ.App.P. 103.03, Comment. Nevertheless, because this appeal is before the court from a *prior* judgment, and because the subsequent award of Ridgeway's attorney fees includes reasonable time spent on the action from its initiation through the hearing on the motion to vacate, the order for attorney fees does involve the merits of the judgment and appellate review is proper under Minn.R.Civ.App.P. 103.04. In any event, review of the order is proper in the interests of justice by avoiding the time and expense of a subsequent appeal after the order for attorney fees has been en-

tered as a judgment. *See* Minn.R.Civ.App. P. 103.04.

An award of attorney fees may be upset upon a finding of an abuse of discretion by the trial court. *Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn.1982). In Minnesota, attorney fees are generally awarded only "where authorized by a contract between the parties or by statute." *State v. Carter,* 300 Minn. 495, 497, 221 N.W.2d 106, 107 (1974). The declaration of Bush Terrace, filed as a "covenant" running with Ridgeway's unit, provides "[i]n any legal * * * proceeding arising between the association and an owner * * * because of an alleged * * * violation by an owner * * * the prevailing party shall be entitled to recover * * * such reasonable attorney's fees as may be determined by the court[.]"

An application to the court for an order awarding attorney fees "shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set for[th] the relief or order sought." Minn.R.Civ.P. 7.02.

 The trial court denied the association's motion to vacate and to enter judgment in its favor. As a result, the association was not a "prevailing party" and was not entitled to reasonable attorney fees under the declaration. In this regard, the trial court did not abuse its discretion.

At the July 6, 1988, hearing on the motion to vacate, Ridgeway's counsel, being the prevailing party, made an oral motion for attorney fees pursuant to the declarations. Counsel represented that to date Ridgeway had incurred attorney fees of $3,300. Following the hearing, counsel prepared and submitted to the court an affidavit of his fees and time entries.

It is a common practice for a party who prevails at trial to subsequently move the trial court for an award of attorney fees. As the declaration, which was an exhibit before the court at the original injunction hearing and also at the motion to vacate hearing, provided for reasonable attorney fees to be awarded by the court to the prevailing party, the trial court did not

abuse its discretion in awarding Ridgeway attorney fees incurred *before* the motion to vacate was brought. The trial court, having specifically determined that the Minn. R.Civ.P. 60.02 proceedings were "without merit," also did not abuse its discretion in awarding Ridgeway attorney fees pursuant to Minn.Stat. § 549.21 for responding to the association's motion to vacate.

## IV

Ridgeway seeks attorney fees incurred in the defense of this appeal, apparently pursuant to Minn.Stat. § 549.21, which allows an award of attorney fees for frivolous claims. Because appellant has previously been advised by the court on several occasions that its attempted new theory claims are "without merit," we grant respondent $400 in attorney fees. *See Rubbelke v. Mabley,* 410 N.W.2d 880, 884 (Minn.Ct.App.1987).

## DECISION

Appellant failed to sustain its burden of showing that the trial court erred in denying it injunctive relief, in denying its Minn. R.Civ.P. 60.02 motion to vacate for mistake and in awarding respondent attorney fees. Respondent is entitled to an appellate award of attorney fees.

Affirmed.