**CITY OF OGEMA and the Ogema Municipal Liquor Store, Petitioners,**

v.

**Jeanine Ann BEVINS, Respondent.**

**No. C4–83–1814.**

Court of Appeals of Minnesota.

Dec. 21, 1983.

Jeffrey R. Hannig, Moorhead, for petitioners.

Richard S. Roberts, Wheaton, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and SEGWICK, JJ. without oral argument.

POPOVICH, Chief Judge.

## ORDER

### Facts

This matter arises from an automobile accident on October 3, 1981 in which respondent/plaintiff was injured. She brought suit against James Fairbanks, the driver of the other vehicle, and against the petitioners, City of Ogema and Ogema Municipal Liquor Store, on a dram shop claim. At trial, in June of 1983, the jury found that the liquor store did illegally sell liquor to Fairbanks, but that the liquor sold did not contribute to Fairbank's intoxication and that his intoxication was not a direct cause of the injuries sustained by plaintiff/respondent. Plaintiff moved for and, on October 13, 1983, received the order granting a new trial. Petitioners, City of Ogema and Ogema Liquor Store, seek discretionary review of the order granting a new trial.

In its order of October 13, 1983, the trial court stated three grounds for granting a new trial:

1. Misconduct of the prevailing party in refusing to disclose requested material evidence which could not have been found and produced by the plaintiff with reasonable diligence at the trial.
2. Insufficient damages appearing to have been given under the influence of passion and prejudice.
3. The verdict not justified by the evidence and contrary to law.

Petitioners argue that none of the stated grounds is sufficient for the grant of a new trial and that the grant was an abuse of discretion.

### Analysis

The granting of a new trial rests in the discretion of the trial court, and the trial court's decision will be reversed only for a clear abuse of discretion. *Connelly v. Nicollet Hotel,* 258 Minn. 405, 104 N.W.2d 721 (1960). While the discretion of the trial court is broad, the trial court does not have the discretion to employ an erroneous rule of law in ordering a new trial, *Vadnais v. American Family Mutual Insurance Company,* 309 Minn. 97, 243 N.W.2d 45 (1976), and does not have the discretion to grant a new trial merely because he would have reached a different conclusion than did the jury, *Bentz v. Nebraska Public Power District,* 211 Neb. 844, 320 N.W.2d 763 (1982).

In its order granting the new trial, the trial court sufficiently stated its reasons for the grant and petitioners have failed to establish the likelihood of an abuse of discretion so as to be given the extraordinary relief sought herein.

## DECISION

Defendant/petitioners' motion for discretionary review is denied.