**Joel RICK, et al., Respondents,**

**v.**

**Paul WORDEN, et al., Appellants,**

**Colleen Worden, et al., Defendants.**

**No. CX–84–1858.**

Court of Appeals of Minnesota.

June 4, 1985.

Review Denied Aug. 20, 1985.

Ronald R. Frauenshuh, Sr., Paynesville, for respondents.

Ronald C. Anderson, Willmar, for appellants.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FOLEY, Judge.

This case involves a suit in negligence for destruction of respondents Joel and Brenda Rick's crops and tile line damage as a result of appellants Paul, Duane and Lee Worden's unreasonable use of their land. The jury found appellants' negligence caused damage in years 1979 through 1983. However, respondents were causally negligent 25% in 1982 and 1983. Amended judgment was entered August 31, 1984. Wordens appeal the trial court's denial of motions for dismissal, a directed verdict, judgment notwithstanding the verdict, and a motion for a new trial based on insufficiency of the evidence. They also appeal the court's denial of their motion for a new trial based on an error in jury instructions and on excessive damages. We affirm.

## FACTS

Plaintiffs-respondents Joel and Brenda Rick own farm land in Meeker County. North of and adjacent to their farm are two mink ranches (east ranch and west ranch) owned by defendants-appellants Paul, Duane and Lee Worden. In 1979 and 1980 Duane Worden owned east ranch; Paul Worden owned west ranch. Sometime in 1980 Paul Worden sold west ranch to his brother Lee. From then through 1983, Lee owned west ranch; Duane continued to own east ranch.

In April 1979, water flooded a culvert on the Ricks' land, washing out 300 feet of drainage tile and destroying crops on approximately 22–23 acres. There was no severe rain or other explanation for the sudden gush of water. Joel Rick testified that a similar situation occurred in 1980, 1981, 1982 and 1983, again damaging crops.

Paul Worden testified that all water on the Worden property naturally flowed south. Rick's position was that a ridge crossed the Worden property, creating two watersheds, one flowing north, the other south. Testimony from two witnesses, in addition to respondent Rick, indicated that a ditch had been manually cut through the ridge.

In January 1984, respondents brought a suit alleging negligence in dumping refuse into a drainage system, installing automatic waters, excavating and enlarging a drainage ditch, and draining a slough area. Ricks claimed damages from lost crops and damage to their tile line.

Since the facts before the jury concerning family ownership of the mink ranches from 1979 through 1983 were complex, the court recommended a procedure for determining title in those years and allocating damages accordingly. If the jury returned a verdict in favor of the respondent, the parties' attorneys agreed to confer to settle ownership during the years in question and allocate damages based on that ownership.

As a result of the jury verdict and the post-trial conference between the attorneys, Paul and Duane Worden were held jointly and severally liable for damages assessed during 1979 and 1980; Lee and Duane Worden were jointly and severally liable for damages assessed in 1981, 1982, 1983. Rick was causally negligent 25% in 1982 and 1983. The jury assessed damages as follows: 1979: $2,852; 1980: $2,600; 1981: $10,075; 1982: $4,043; 1983: $2,550.

Wordens appeal the trial court's denial of motions for dismissal, directed verdict, judgment notwithstanding the verdict, and a motion for a new trial. Appellants base their appeal on insufficiency of the evidence. They also rest their appeal of the denial of a motion for a new trial on an error in jury instructions and on an excessive damages award.

## ISSUES

1. Did the trial court err in denying appellants' motions for dismissal, directed verdict, judgment notwithstanding the verdict, and motion for a new trial because of insufficiency of evidence?

2. Did the trial court err in denying appellants' motion for a new trial based on an error in instructing the jury on a landowner's reasonable use of his land?

3. Did the trial court err in denying appellants' motion for a new trial on excessive damages?

## ANALYSIS

1. The trial court did not err in denying appellants' motions for dismissal, directed verdict, judgment notwithstanding the verdict, and motion for a new trial based on insufficiency of the evidence.

(a). *Dismissal and Directed Verdict.* Minn.R.Civ.P. 41.02(2) provides for dismissal after plaintiff has presented his evidence on the ground that "upon the facts and the law the plaintiff has shown no right to relief." Minn.R.Civ.P. 50.01 provides that a motion for a directed verdict shall not be granted "if the evidence is sufficient to sustain a verdict."

Granting a motion for dismissal or directed verdict requires determining whether the evidence is sufficient to

present a fact question for the jury's consideration. The court must view every inference fairly drawn from the evidence in favor of the adverse party. *Paradise v. City of Minneapolis,* 297 N.W.2d 152, 155 (Minn.1980). The trial court should only grant a directed verdict when it would clearly be its duty to set aside a contrary verdict as "manifestly against the evidence or when such a verdict would not comply with applicable law." *Advanced Training Systems v. Caswell Equip. Co.,* 352 N.W.2d 1, 12 (Minn.1984).

(b). *Judgment notwithstanding the Verdict.* Minn.R.Civ.P. 52.02 states that the standard for granting judgment notwithstanding the verdict is the same as for a directed verdict. The Minnesota Supreme Court has held "[u]nless the evidence is practically conclusive against the verdict, we will not set the verdict aside." *Sandhofer v. Abbott-Northwestern Hospital,* 283 N.W.2d 362, 365 (Minn.1979) (cite omitted).

■ (c). *New Trial.* The trial court may grant a new trial if the verdict is not justified by the evidence. Minn.R.Civ.P. 59.01(7).

A new trial should not be granted unless the verdict is so contrary to the preponderance of evidence as to imply that the jury failed to consider all the evidence or acted under some mistake or from some improper motive, bias, feeling or caprice, instead of honestly and dispassionately exercising its judgment.

*Lamb v. Jordan,* 333 N.W.2d 852, 855–56 (Minn.1983) (cite omitted). Granting a new trial rests in the discretion of the trial court; the decision will be reversed only for a clear abuse of that discretion. *City of Ogema v. Bevins,* 341 N.W.2d 298, 299 (Minn.Ct.App.1983).

■ There is sufficient evidence here to submit the case to a jury and to support the jury verdict on the issue of appellants' negligence. Landowners have responsibilities regarding the diverting of surface water from its natural channel.

The owner of land may not collect surface water and divert it from its natural channel to discharge it where it would not otherwise have gone. But an owner may drain his land by ditching or tiling although the effect * * * may be to accelerate the movement and to increase the volume of water which reaches his neighbor's land.

*Pell v. Nelson,* 294 Minn. 363, 367, 201 N.W.2d 136, 139 (1972).

■ A landowner can drain surface water from his land onto his neighbor's so long as he uses his land reasonably and does not unreasonably injure his neighbor. This rule applies to surface water only. *Kallevig v. Holmgren,* 293 Minn. 193, 198, 197 N.W.2d 714, 718 (1972). Reasonable use of land is a question for jury determination. Factors for consideration include amount of harm caused, foreseeability of harm, motive for which the landowner acted. *Collins v. Wickland,* 251 Minn. 419, 425, 88 N.W.2d 83, 88 (1958).

■ Rick and his witnesses testified to a ditch which had been dug leading from the natural channel for diverting water from the Wordens' land. John Olson, a civil engineer, testified regarding a disturbed area on the Wordens' land which he believed to be a man made channel receiving discharge from a drainage tile. Vernon Bartz, a trainee surveyor, testified to a "dug ditch" and the directional flow of water without the ditch. Dale Whitcomb, who repaired Rick's drainage tile, testified that only a strong gush of water could tear out the whole bottom tile line.

Rick based his case on circumstantial evidence. "Circumstantial evidence may alone establish negligence as long as the evidence does not equally sustain any other theory." *Bethesda Lutheran Church v. Twin City Construction,* 356 N.W.2d 344, 348 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Feb. 6, 1985).

[I]f the circumstances supporting a theory of negligence are of greater weight than evidence supporting the theory of no negligence, then it becomes a question of fact for the jury * * *. [A] person is

not required to prove his theory of negligence by testimony so clear as to exclude every other possible theory.

*Jensen v. Linner*, 260 Minn. 22, 33, 108 N.W.2d 705, 712 (1961).

There was sufficient testimony to put the question of appellants' negligence to the jury. The verdict was not so contrary to the evidence as to justify granting motions for judgment notwithstanding the verdict or for a new trial. The trial court did not err in denying appellants' motions based on insufficiency of evidence.

■■■■ 2. Wordens contend the trial court erred in denying their motion for a new trial based on an error in instructing the jury on a landowner's reasonable use of his land. Jury instructions must be construed as a whole. Errors are fundamental if they "destroy the substantial correctness of the charge as a whole," cause a miscarriage of justice or result in substantial prejudice. *Lindstrom v. Yellow Taxi Co.*, 298 Minn. 224, 229, 214 N.W.2d 672, 676 (1974). Appellants requested the following jury instruction:

> Each possessor of land is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others. He incurs liability only when his harmful interference with the flow of water is unreasonable.

The court denied the instruction, giving instead:

> A land owner has the right to drain by natural or artificial means the surface water off his land onto the land of another as long as it is done in a reasonable manner so as not to unnecessarily injure his neighbor's land.
>
> The owner of land may not collect surface water and divert it from its natural channel to discharge it where it would not otherwise have gone. However, an owner may drain his land by ditching or tiling, although the effect may be to accelerate the movement and to increase the volume of water which reaches his neighbor's land.

The jury instructions given by the trial court did not result in substantial prejudice to the appellants. The trial court did not err in denying the appellants' motion for a new trial based on error in jury instructions.

3. The trial court did not abuse its discretion in denying appellants' motion for a new trial based on excessive damages. The court may grant a new trial for excessive damages, appearing to have been given under the influence of passion or prejudice. Minn.R.Civ.P. 59.01(5).

■■■ Rick testified to the approximate loss of crop yield on the acres affected by water diverted from the Wordens' mink farming operations during 1979, 1980, 1981, 1982 and 1983. He also testified to the approximate market value of the lost crops. For none of those years does the jury award exceed Rick's estimates so excessively as to constitute passion or prejudice. In some instances, the award represents a conservative estimate.

For example, Rick testified that in 1979 he lost the full oats crop on the approximately 22 acres which were damaged by the flooding. His yield from test acreage was 100 bushels an acre. The market price for oats that year was about $1.30 per bushel or a loss of $2,860. The jury award for 1979 was $2,852. The year of the largest jury award (1981: $10,075), Rick had planted alfalfa. He testified that he harvested only 6 or 7 tons of alfalfa on the total acreage in question. Ordinarily, he would have harvested about 5 or 6 tons *per acre* from the 20 acres damaged. At $100 per ton, his loss on the alfalfa crop for 1981 was approximately $9,400, plus the cost of seeding, $625 or a total of $10,025. The jury award for 1981 was $10,075.

We have scrutinized the trial court record and conclude that, although the testimony is scattered and erratically elicited, there is sufficient evidence on damages to support the jury verdict. The trial court

**20**

did not abuse its discretion in denying a new trial on grounds of an excessive jury award. The court did, however, give the wrong instruction on valuation of crop damages due to flooding.

The court instructed the jury that the appropriate measure of damages was "the diminution in value of crops which the plaintiff grew or would have grown on the land in question." The Minnesota Supreme Court established the proper measure of damages in this situation in *Poynter v. County of Otter Tail,* 223 Minn. 121, 25 N.W.2d 708 (1947).

> The proper rule in such a situation * * * is that the evidence, in order to be competent, must be directed to the value of the crops as they were standing at the time and place of their destruction and damage. * * * [V]aluation of [crops] based upon the assumption that they will mature and be harvested may differ considerably from valuation of such crops as they stand in the fields in the early part of the growing season * * *.

*Id.* at 132–33, 25 N.W.2d at 715; *Hunt v. Estate of Hanson,* 356 N.W.2d 323, 327 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 9, 1985). Appellants did not object to the instruction given at trial nor did they raise it as error in their motion for a new trial. Where no objections are taken to instructions, and the error is not assigned as grounds for a new trial, the instructions as given become the law of the case. *Furley Sales & Associates, Inc. v. North American Automotive Warehouse, Inc.,* 325 N.W.2d 20 (Minn.1982).

### DECISION

We affirm the trial court. The evidence was sufficient to send the case to the jury and sufficient to uphold the jury verdict. The trial court did not abuse its discretion in denying a motion for new trial based on an excessive damages award or an error in jury instructions.

Affirmed.