**David W. JONDAL, Appellant,**

v.

**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Respondent.**

No. C2-86-1115.

Court of Appeals of Minnesota.

May 26, 1987.

James Hansing, Minneapolis, for appellant.

Roger Roe, Eric Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Heard, considered, and decided by CRIPPEN, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from judgment entered in favor of Chicago, Milwaukee, St. Paul & Pacific Railroad Company in a personal injury action brought under the Federal Employers Liability Act. Jondal commenced this action against the Railroad to recover damages for personal injury suffered on September 23, 1980, while in the course of his employment with the Railroad. The case was tried to a jury, and a special verdict rendered in favor of Jondal. Respondent Railroad moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. The motion was granted, judgment notwithstanding the verdict was entered, and a new trial was conditionally granted if the JNOV was reversed by this court. Jondal appealed from the judgment in favor of the Railroad. We reverse the granting of JNOV and the granting of a new trial.

## FACTS

On September 23, 1980, appellant David Jondal was working with a maintenance

crew for respondent Chicago, Milwaukee, St. Paul and Pacific Railroad Company (the Railroad). The crew was assigned to repair the Main Street crossing in Granada, Minnesota, and had a "late start." At about 10:00 a.m., the foreman sent Jondal, a new employee, and a fellow employee (Roslansky) to the tool car to get acetylene and oxygen tanks for cutting torches. The tool car was loaded with tools and machinery on a track a short distance from the crossing.

Jondal entered the open door of the box car and noticed tools on the floor. He kicked a few out of the way, went to the back, and retrieved the acetylene tank. He then went back to get the oxygen tank. While moving the oxygen tank, Jondal tripped on something that was not apparent and dropped the tank on his foot, receiving various injuries. At trial, the evidence showed that Jondal was somewhat pressured to hurry in getting the tanks, and that safety rules required workers to properly store tools and machinery when not in use. No evidence indicated that the tools were in that position because of any work activities from earlier that morning.

Roslansky and the foreman were present at the trial, but the Railroad elected not to call either of them to testify. That there were tools on the floor of the tool car when Jondal entered is not disputed, as Roslansky admitted in a statement the Railroad elected to offer into evidence.

Jondal sued the Railroad under the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51–60 (1986). The jury returned a special verdict in favor of Jondal. It found that the Railroad was negligent in failing to provide Jondal a reasonably safe place to work, that Jondal was not negligent, and that the Railroad committed fraud in obtaining a release from Jondal.

The Railroad subsequently moved for judgment notwithstanding the verdict (JNOV) and, in the alternative, for a new trial. The trial court found that there was no competent evidence reasonably tending to sustain the verdict and granted the Railroad JNOV. The court also granted the motion for a new trial "for the same reason

as given for the granting of the motion for [JNOV]," in the event the JNOV was reversed on appeal. Jondal appeals from the judgment of the trial court and seeks reinstatement of the jury verdict.

## ISSUES

1. Did the trial court err in granting respondent JNOV?

2. Did the trial court err in conditionally granting respondent a new trial?

## ANALYSIS

■ 1. FELA makes a common carrier engaged in interstate commerce

> liable in damages to any person suffering injury while he is employed by such carrier * * * resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier * * *.

45 U.S.C. § 51 (1986). Under FELA, the employer is liable if its negligence played any part in producing the employee's injury. *Davis v. Burlington Northern, Inc.,* 541 F.2d 182, 185 (8th Cir.), *cert. denied,* 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976).

While a prima facie case under FELA includes all the same elements as are found in a common law negligence action, the United States Supreme Court has adopted a liberal approach to assessing the required showing under FELA by reducing the quantum of proof, required for a plaintiff-employee to reach the jury, to an absolute minimum. *Hauser v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co.,* 346 N.W.2d 650, 653 (Minn.1984). In *Hauser,* the court noted that, because FELA has been recognized as a substitute for workers' compensation as an employee's remedy, there is a "relaxing of the customary strictures" on a plaintiff's recovery. *Id.* In *Rogers v. Missouri Pacific Railroad Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), the Court stated:

> Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, *even the slight-*

*est*, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence.

*Id.* at 506, 77 S.Ct. at 448 (emphasis added; footnotes omitted). Consequently, the inquiry in FELA cases rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury which is the subject of the suit. *Id.* at 508, 77 S.Ct. at 449. The *Rogers* case discussed the frequent failure of courts to recognize the importance Congress placed on having the jury make this determination:

> [C]ognizant of the duty to effectuate the intention of the Congress to secure the right to a jury determination, this Court is vigilant to exercise its power of review in any case where it appears that the litigants have been improperly deprived of that determination.

*Id.* at 509, 77 S.Ct. at 450. Actions under FELA are significantly different from ordinary common law negligence actions in the emphasis placed on allowing the jury to find negligence if even the slightest basis for such a finding exists. *See id.* at 510, 77 S.Ct. at 450.

■ Generally, JNOV should be granted only when the evidence is so overwhelming on one side that reasonable minds cannot differ as to the proper outcome. *See Johnson v. Alford & Neville, Inc.*, 397 N.W.2d 591, 592 (Minn.Ct.App.1986). Since the issue of negligence is normally for the jury, JNOV should be denied unless the reviewing court, viewing the evidence in the light most favorable to the verdict and drawing every reasonable inference in support of the verdict, finds it to be manifestly and palpably contrary to the evidence as a whole. *Flom v. Flom*, 291 N.W.2d 914, 916 (Minn.1980).

■ Considering the minimal evidence needed to establish a prima facie case of negligence under FELA and the strong preference expressed by the Supreme Court for a jury determination on this is-

sue, we believe the trial court erred by granting the Railroad's JNOV. Jondal presented evidence that, in an effort to comply with his employer's request for expediency, he entered a dimly-lit box car and tripped on tools that were scattered around the floor, contrary to safety rules requiring that tools be properly stored. The evidence was sufficient to require a jury determination of the claim and to support recovery against the Railroad under FELA. The rule violations by the Railroad and its employees and other facts were sufficient for the jury to conclude that the Railroad was negligent and Jondal was not negligent.

■ 2. Minnesota Rules of Civil Procedure 50.02(4) requires that the court, in granting a motion for a new trial "specify the grounds for granting or denying the motion." The grounds specified for granting a new trial in the trial court's memorandum were the "same reason[s] as given for the granting of the [JNOV]"; that is, the trial court granted a new trial based on a determination that it did not believe there was sufficient evidence to create a jury issue. The trial court cited no other reasons in support of its order granting a new trial.

Here, the trial court mistakenly granted JNOV because it did not think there was a jury issue as to negligence. Accordingly, the order granting a new trial must likewise be reversed.

While the trial court's decision will be reversed only for a clear abuse of discretion,

> the trial court does not have the discretion to employ an erroneous rule of law in ordering a new trial, and does not have the discretion to grant a new trial merely because he would have reached a different conclusion than did the jury.

*City of Ogema v. Bevins*, 341 N.W.2d 298, 299 (Minn.Ct.App.1983) (emphasis added; citations omitted).

Having found that the evidence was sufficient to create a jury issue, we reverse the trial court's order granting a new trial. *See, e.g., Vadnais v. American Family*

*Mutual Insurance Co.,* 309 Minn. 97, 103, 243 N.W.2d 45, 48 (1976).

## DECISION

1. The trial court erred by granting JNOV to respondent Railroad in an action brought under FELA, when appellant presented evidence of respondent's negligence and the jury found for Jondal.

2. The trial court erred by granting a new trial based on lack of evidence when there was sufficient evidence under FELA to sustain the verdict.

Reversed.

HUSPENI, J., concurs in part, dissents in part.

HUSPENI, Judge (concurring in part and dissenting in part)

The jury found that the railroad was 100% causally negligent. The trial court by awarding JNOV in effect determined that Jondal was 100% causally negligent. I believe a review of the record indicates that as a matter of law neither of these extreme positions is defensible.

I agree with the majority that the JNOV was improvidently granted and should be reversed. However, I would affirm the granting of a new trial. Even if the exclusive grounds for granting a new trial specified in Minn.R.Civ.P. 59.01 do not support the trial court's action,

> [t]he authority of this court to grant a new trial is somewhat broader than that of the district court, and we could direct a new trial \* \* \* in this case if we were satisfied that the interest of justice so required.

*Gorder v. Sims,* 306 Minn. 275, 283, 237 N.W.2d 67, 72 (1975) (footnote omitted). *See also* Minn.R.Civ.App.P. 103.04. The facts and circumstances in this case persuade me that the interests of justice require a new trial so that a jury may apportion the causal negligence between the parties in a manner consistent with the evidence presented to it.