**Alfred J. RUBBELKE, Appellant,**

v.

**Frank T. MABLEY, Respondent.**

No. C2-87-203.

Court of Appeals of Minnesota.

Aug. 25, 1987.

**881**

Alfred J. Rubbelke, pro se.

Frank T. Mabley, Roseville, pro se.

Considered and decided by
POPOVICH, C.J., and HUSPENI and
MULALLY\*, JJ., with oral argument
waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order directing a
verdict which dismissed claims for breach
of contract and legal malpractice. Appel-
lant claims the trial court erred because he
presented evidence establishing a prima fa-
cie case for both claims. Appellant also
claims the trial court abused its discretion
in denying his motion for a new trial. Re-
spondent requests reasonable attorney fees
on appeal. We affirm.

## FACTS

Appellant Alfred J. Rubbelke commenced
this action against respondent attorney
Frank T. Mabley in connection with his
representation of appellant in a claim for
wrongful expulsion and defamation against
the American Legion Post No. 406 (Post
406). Appellant retained respondent on
November 14, 1983 after summary judg-

* Acting as judge of the court of appeals by ap-

ment had been previously entered for Post
406 on August 18, 1983. The retainer
agreement provided appellant shall pay re-
spondent:

> $350.00 payable now to bring and argue
> motion to District Court to vacate judg-
> ment and reconsider grant of summary
> judgment dismissing the [appellant's]
> claim.

Appellant, however, wrote respondent a
check for $450.

Respondent immediately moved within
the 90–day limit following the August 1983
judgment. At the December hearing, re-
spondent argued the court should reconsid-
er summary judgment based on appellant's
defamation claim arising primarily from a
statement made at a Post 406 meeting
where appellant was called an "undesir-
able."

Respondent did not seek reconsideration
of appellant's wrongful expulsion claim.
Respondent later explained appellant's
wrongful expulsion claim was based on
breach of membership contract and actual
damages were lacking since appellant
claimed only loss of friendship and associa-
tion. Further, respondent said appellant
was not ultimately expelled. The record
shows appellant received an August 9, 1980
letter from Post 406 notifying him the ex-
ecutive committee voted not to renew his
membership. However, following a hypo-
thetical inquiry from another attorney, ap-
parently initiated on appellant's behalf, the
National Judge Advocate agreed that re-
fusing membership in the manner de-
scribed in the inquiry violated national by-
laws and concluded the member would re-
main in good standing.

After the hearing, respondent wrote ap-
pellant on December 6, 1983, stating while
he hoped the court's decision would be fa-
vorable to appellant, he did not recommend
an appeal.

On December 15, 1983, the court denied
appellant's motion to reconsider its prior
order. The court said:

> At hearing, [appellant's] counsel said
> he was no longer pursuing that part of

pointment pursuant to Minn. Const. art. 6, § 2.

the lawsuit which alleged that defendants had wrongfully expelled [appellant] from Post [406], leaving only the defamation counts for reconsideration.

The court believes its original order was correct.

In addition, the court is of the opinion that the allegedly defamatory statements of which [appellant] complains, however intemperate or factually debatable, are within the limits of "fair comment" upon the internal affairs of the organization. For this court to recognize a cause of action for defamation arising out of this sort of robust debate would constitute state action abridging defendants' rights of free speech guaranteed by the Constitutions of the United States and the State of Minnesota.

On December 23, 1983, respondent wrote appellant informing appellant of the court's order. Respondent stated he did not believe the court's ruling "can be regarded as an abuse of discretion and, therefore, it would be useless to appeal to any higher tribunal."

Appellant, acting pro se, then appealed to this court from the December order denying reconsideration of the previous summary judgment. On March 22, 1984, this court dismissed appellant's appeal because he appealed from a nonappealable order. We said the summary judgment would have been reviewable if a timely appeal had been made from the judgment.

Appellant subsequently commenced this action against respondent for breach of contract and legal malpractice regarding respondent's advice on appeal and his withdrawal of the wrongful expulsion claim. Following an adverse judgment entered in conciliation court in September 1984, appellant removed his case to district court for de novo review. The matter initially came for a jury trial on June 19, 1986, but the court ultimately declared a mistrial and assessed appellant $300 costs because "[d]uring the jury trial the [appellant] repeatedly made reference to earlier court proceeding despite repeated warnings from the court."

A second jury trial was held December 8, 1986. After appellant presented his case, the parties convened in chambers where respondent moved for a directed verdict. The court granted respondent's motion for a directed verdict regarding appellant's breach of contract and legal malpractice claims. While viewing the evidence in the light most favorable to appellant, the court concluded appellant had not established a prima facie case for either claim.

Regarding appellant's breach of contract claim, the court found respondent did not breach his retainer agreement which specifically limited his representation of appellant to bring a motion to vacate judgment and reconsider the grant of summary judgment. The court further stated ["t]he record is replete with evidence that [appellant] went to respondent for the fact, for the purpose of having the matter reconsidered."

The court also found insufficient evidence to allow the case to go to the jury on the question of malpractice. The court reasoned no expert witnesses were called on appellant's behalf to testify respondent violated any standard of care regarding the appeal. Specifically, the record lacked competent evidence showing

[respondent] agreed to handle the appeal; and * * * there would be a reasonable likelihood of success on the appeal; and as a matter of fact the evidence is quite to the contrary.

The court further directed a verdict on the allegation respondent improperly withdrew appellant's wrongful expulsion claim. The court relied on the August 1983 dismissal when the previous court specifically found appellant suffered no damages on that claim. Further, the court agreed with respondent the thrust of appellant's action was defamation because he claimed he was libeled or slandered and therefore expelled. The court ruled as a matter of law the decision to withdraw the wrongful expulsion claim "is a judgment call on [respondent's] part" and respondent did nothing "that was not in the best efforts as an attorney trying to get the order vacated

[which is] the reason he had been retained."

The court finally determined, however, a jury question remained whether appellant overpaid respondent $100 when appellant retained respondent. After the court instructed the jury to find only this question, appellant moved the court for a new trial. The court denied the motion.

The jury specifically found appellant overpaid respondent when he was retained. On December 11, 1986, the court issued its findings of fact, conclusions of law and order for judgment. The court incorporated the jury's findings and concluded appellant was entitled to a $100 judgment against respondent. The judgment was entered accordingly on December 18, 1986. This appeal followed.

By order dated June 8, 1987, this court denied appellant's subsequent motion to submit new evidence of alleged fraud and misrepresentation committed by an adverse witness. We also denied appellant's motion to vacate the order granting a directed verdict or alternatively grant a new trial. We did order, however, corrected transcript pages accepted and filed. Although appellant alleged numerous errors throughout the transcript, the trial court reviewed the alleged errors and corrections and stated there were no material errors in the transcript.

### ISSUE

Did the trial court err by granting respondent's motion for a directed verdict?

### ANALYSIS

1. A motion for directed verdict is to be granted only if *the evidence is insufficient to sustain a verdict for the non-moving party,* Minn.R.Civ.P. 50.01, with all the evidence and the inferences therefrom taken in light most favorable to the non-moving party.

*Stensland v. County of Faribault,* 365 N.W.2d 224, 227 (Minn.1985) (emphasis added).

2. In an action against an attorney for negligence or breach of contract, the client has the burden of proving the existence of the relationship of attorney and client; the acts constituting the alleged negligence or breach of contract; that it was the proximate cause of the damage; and that but for such negligence or breach of contract the client would have been successful in the prosecution or defense of the action.

*Christy v. Saliterman,* 288 Minn. 144, 150, 179 N.W.2d 288, 293–94 (1970).

Although appellant has shown the existence of an attorney-client relationship in this case, he failed to prove the remaining elements of his claims, particularly the acts constituting the alleged breach of contract and negligence.

■ The evidence shows respondent did not breach his contract with appellant. The retainer agreement specifically limits respondent's representation "to bring and argue motion in District Court to vacate judgment and reconsider grant of summary judgment dismissing [appellant's] claims." Respondent did in fact bring and argue the motion. The trial court therefore properly directed a verdict on appellant's breach of contract claim.

■ Similarly, the evidence shows respondent was not negligent in his representation of appellant. Regarding appellant's claim respondent was negligent in advising appellant about an appeal, appellant presented no expert testimony on his behalf showing respondent violated any standard of care. Further, appellant failed to establish a reasonable likelihood of success on appeal.

■ The evidence further shows respondent was not negligent in withdrawing appellant's wrongful expulsion claim when arguing the motion to reconsider summary judgment. The previous court found no damages resulted from that claim and none were introduced at the December 1986 trial. Moreover, appellant failed to establish he was actually expelled from Post 406. In addition to the letters introduced at trial, appellant read into the record a December 17, 1980 letter from Post 406 notifying him

he was "suspended pending the issuing of formal charges." Appellant testified no formal charges were issued. Apparently appellant's suspension was never finalized.

We therefore conclude the evidence regarding the breach of contract and legal malpractice claims is insufficient to sustain a verdict for appellant. The trial court properly granted respondent's motion for a directed verdict. Similarly, we conclude the trial court acted properly within its discretion in denying appellant's motion for a new trial. *See Rick v. Worden*, 369 N.W.2d 15, 18 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Aug. 20, 1985) (decision whether to grant new trial rests in discretion of trial court and will be reversed only for clear abuse of that discretion).

3. Respondent seeks attorney fees incurred in the defense of this appeal pursuant to Minn.Stat. § 549.21 (1986), which authorizes attorney fees for frivolous claims. Because appellant has been repeatedly advised by the court his attempted claims are without foundation, we grant respondent $250 in attorney fees.

### DECISION

Because appellant failed to establish a prima facie case for breach of contract and legal malpractice, the trial court properly granted respondent's motion for a directed verdict and denied appellant's motion for a new trial. Respondent's request for reasonable attorney fees on appeal is granted.

Affirmed.